1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TONY LEWIS RUFF, II, <br><br> Plaintiff, <br><br> v. <br><br> FRIEDA ROBERTS, et al., <br><br> Defendants. | Case No.: 1:16-cv-00463-SAB (PC) <br><br> ORDER DISMISSING COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF <br><br> [ECF No. 1] |

Plaintiff Tony Lewis Ruff, II is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of the United States Magistrate Judge on April 18, 2016. Local Rule 302.

Currently before the Court is Plaintiff's complaint, filed April 4, 2016.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

While confined at Tehachapi State Prison, Plaintiff submitted three separate health care request forms, dated December 23, 2014, December 29, 2014, and January 9, 2015. Medical personnel charged Plaintiff a copayment fee of $5.00 per visit. However, it was established that if Plaintiff remained indigent for thirty days after the medical appointments then Plaintiff would not be charged the $5.00 copayment fee. Plaintiff was not reimbursed the $5.00 copayment fee for the December 23, 2014 and December 29, 2014, appointments even though he was indigent.

Plaintiff submitted a health care services request form #0868244, on December 23, 2014, and Plaintiff was subsequently seen on December 26, 2014, by medical charge and charged a $5.00 co-payment fee.

Plaintiff submitted another health care services request form #0868342 on December 29, 2014, and Plaintiff was seen on December 31, 2014, by medical staff and charged a $5.00 co-payment fee.

Plaintiff filed a health care inmate appeal to the first, second, and third levels of review. In the second level appeal response, it was noted that "at the time of the [co-payment fee] charge on 03/05/2015, you were not indigent and were charged your copayment." (ECF No. 1, Ex. C.) In the third level review it was also noted, "Your trust account contained sufficient funds to cover your visits by March 5, 2015, less than 30 days from the date of charge, in accordance with CCR, Title 15, Section 3354.2(c)(3)." (Id.)

On March 4, 2015, Plaintiff's trust account had a balance of $0.15. (ECF No. 1, Ex. D.) However, on March 5, 2015, two separate payments of $100.00 and $50.00 were deposited to Plaintiff's trust account. (Id.)

### III.

### DISCUSSION

**A.     Due Process Claim-Copayment Fee for Health Care Visits**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012) (citing Graham v. Connor, 490 U.S. 386, 393-94 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff alleges a claim under the Due Process Clause of the Fourteenth Amendment, which protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974). "Due process protections extend only to deprivations of protected interests," Shinault v. Hawks, 782 F.3d 1053, 1057 (9th Cir. 2015) (citing Bd. of Regents of State

Colls. v. Roth, 408 U.S. 564, 569-70 (1972)), and prisoners have a protected property interest in the funds in their prison trust accounts, Shinault, 782 F.3d at 1057 (citing Quick v. Jones, 754 F.2d 1521, 1523 (9th Cir. 1985)).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982)); Quick, 754 F.2d at 1524, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

Pursuant to Title 15 state prison regulations, "[i]nmates shall be charged and inmates shall pay a fee of five dollars ($5.00) for each inmate-initiated health care visit." Cal. Code Regs., tit. 15, §3354.2(c).  This fee is "charged to the trust account of the inmate," but "[w]hen the inmate is without sufficient funds at the time for the charge, and remains without sufficient funds for 30 days after this time, the inmate shall not be charged for any remaining balance of the fee." Tit. 15, § 3354.2(c)(3).

In this case, Plaintiff is challenging not state-authorized deductions for $5.00 medical co-payments incurred by non-indigent inmates, but the deductions made to his trust account in the violation of the state-authorized process articulated in prison regulations.  Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)); Gardner v. Wilson, 959 F.Supp. 1224, 1229 (C.D.Cal. 1997).  Plaintiff alleges that the $5.00 copayment obligation for his December 23, 2014 and December 29, 2014, medical visits expired thirty days later, during which period of time he was indigent, and the fee was wrongfully deducted from his account more than thirty days later, at which time he had funds.  In both instances, the assessment of costs against his trust account was allegedly in violation of the prison regulations setting forth the processes for fee assessment. Tit. 15, §§ 3138(h)(3), 3354.2.

A state agency "violates the Due Process Clause of the Fourteenth Amendment when it prescribes and enforces forfeitures of property '[w]ithout underlying [statutory] authority and competent procedural protections.'" Greene, 648 F.3d at 1019 (quoting Vance, 345 F.3d at 1090). Here, the trust account deductions forming the basis for Plaintiff's procedural due process claim were not authorized by the state; they were allegedly imposed by staff in direct contravention of the state's

procedures governing such deductions, and therefore, they are not redressable under the federal Due Process Clause. Hudson, 468 U.S. at 533 ("The state can no more anticipate and control in advance the random and unauthorized intentional conduct of its employees than it can anticipate similar negligence conduct," and such a deprivation "does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if" the state "provides a suitable postdeprivation remedy."); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California law provides an adequate post-deprivation remedy for any property deprivations."). Accordingly, Plaintiff fails to state a cognizable federal due process violation.

### B. Deliberate Indifference-Copayment for Medical Services

To the extent Plaintiff contends that the requirement of the $5.00 copayment fee for medical services constitutes deliberate indifference to his serious medical needs, such claim fails on the merits.

Charging inmates a co-pay for medical care does not violation the Constitution where medical care is not denied. See Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 408 (9th Cir. 1985) ($3.00 co-pay fee for prisoners cannot be construed as deliberate indifference to inmates' medical needs); see also Reynolds v. Wagner, 128 F.3d 166, 174 (3d Cir. 1997) (same); Gardner v. Wilson, 959 F.Supp. 1224, 1228 (C.D. Cal. 1997) ($5.00 co-pay does not amount to deliberate indifference to inmates' medical needs); Bihms v. Klevenhagen, 928 F.Supp. 717, 718 (D. Tex. 1996) (state may require inmate to pay toward his medical care); Martin v. Debruyn, 880 F.Supp. 610, 614 (N.D. Ind. 1995) ("Nothing in the Eighth Amendment … requires a state to provide an inmate, free of charge, with a necessary commodity that would not be free outside the prison walls and which the inmate has the legal means to obtain."). Accordingly, Plaintiff fails to state a cognizable Eighth Amendment violation based on the requirement of the co-payment fee deduced from his trust account.

### IV.
### CONCLUSION AND ORDER

Plaintiff's complaint fails to state any claims for relief under section 1983. Based on the nature of the deficiencies, leave to amend would be futile. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The bases for Plaintiff's claims are clear, but his constitutional rights were not violated by the events at issue and section 1983 provides no

redress for prison officials' mere violation of state prison regulations. See <u>Nurre v. Whitehead</u>, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); <u>Sweaney v. Ada Cnty., Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997) (section 1983 creates cause of action for violation of federal law); <u>Lovell v. Poway Unified Sch. Dist.</u>, 90 F.3d 367, 370-71 (9th Cir. 1996) (federal and state law claims should not be conflated; to the extent the violation of a state law amounts to a deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, section 1983 offers no redress) (quotation marks omitted).

Accordingly, this action is HEREBY ORDERED DISMISSED, with prejudice, for failure to state a claim under section 1983, and the Clerk's Office shall enter judgment.

IT IS SO ORDERED.

Dated:   **May 13, 2016**

UNITED STATES MAGISTRATE JUDGE